1
2
3
4
5
6
7
8
9                     IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11    SCOTT N. JOHNSON,

12              Plaintiff,              No. 2:10-cv-2718 JAM JFM
              vs.
13
      SANDHU, et al.,                   ORDER AND
14
              Defendants.               FINDINGS & RECOMMENDATIONS
15    _____/

16          Pending before the court is plaintiff's motion for default judgment against

17    defendants Harbans S. Sandhu ("Sandhu") and Jaswinder Singh ("Singh"), collectively doing

18    business as Snoline Station located at 5450 Pony Express Trail, Camino, CA 95709.  The court

19    has determined that the matter shall be submitted upon the record and briefs on file and

20    accordingly, the date for hearing of this matter shall be vacated.  Local Rule 230.  Upon review

21    of the docket, the motion for default judgment and all attached exhibits, THE COURT FINDS

22    AS FOLLOWS:

23                          PROCEDURAL BACKGROUND

24          Plaintiff  initiated this action on October 6, 2010, alleging violations of the

25    Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the California Unruh

26    Civil Rights Act.  Compl.  A certificate of service filed February 3, 2011 demonstrates that the

summons and complaint were served on defendant Sandhu on November 4, 2010 by leaving a copy of the process by personally delivering to Singh at the business address.  A certificate of service filed February 18, 2011 demonstrates that the summons and complaint were served on defendant Singh by leaving a copy with co-defendant Sandhu, also at the business address.  See Doc. Nos. 7-8.

On February 21, 2011, pursuant to plaintiff's request, the Clerk of Court entered the default of defendants Sandhu and Singh.  On May 23, 2011, plaintiff filed a motion for default judgment, and served a copy of the motion by mail on the defendants.

DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). /////

A.      The Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Discrimination includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable ."  Id. § 12182(b)(2)(A)(iv).  Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).  Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears the burden of proof in showing that removal of an architectural barrier is readily achievable," the Circuit, and various district courts throughout the Circuit, have often applied the burden-shifting framework set forth in Colorado Cross Disability Coalition v. Hermanson Family, Ltd., 264 F.3d 999 (10th Cir. 2001); Vesecky v. Garick, Inc., 2008 WL 4446714, at *2 (D. Ariz. Sept.30, 2008) (citing Doran v. 7-Eleven, Inc., 506 F.3d 1191, 1202 (9th Cir. 2007) and various district court cases).  In Colorado Cross, the Tenth Circuit stated that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier

removal is readily achievable" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." Colo. Cross Disability Coal., 264 F.3d at 1006.

Recently, in Molski v. Foley Estates Vineyard and Winery, LLC, 531 F.3d 1043 (9th Cir. 2008), the Circuit addressed Colorado Cross directly for the first time. The court declined to apply Colorado Cross's burden-shifting framework in the context of barrier removal from within historic buildings and instead placed the burden squarely on the defendant. The court reasoned that by requiring "the entity undertaking alterations [to] consult with the State Historic Preservation Officer," the ADA guidelines for historic buildings place the burden on the "party with the best access to information regarding the historical significance of the building" rather than "on the party advocating for remedial measures." 531 F.3d at 1048.

In a recent opinion addressing both Colorado Cross and Molski, the District of Arizona stated that while it was "mindful of the informational imbalance that may exist between plaintiffs and defendants with respect to the ease and cost with which architectural barriers may be removed ... until the Ninth Circuit provides additional and specific instruction to the lower courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting framework of Colo. Cross, specifically in cases where a historic building is not at issue." Vesecky, 2008 WL 4446714, at *2. This court agrees, especially in the context of a default judgment proceeding in which defendant has not appeared. 42 U.S.C. § 12181(9).

Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendants' business is a place of public accommodation, id. ¶ 2; (3) that plaintiff was denied access to defendants' business because of plaintiff's disability, id. ¶ 3; and (4) that defendants' business has architectural barriers (including lack of a van accessible parking spot, accessible route, accessible restrooms, accessible entrance, accessibility signage and striping), id. Additionally, although plaintiff does not specifically allege that removal of those barriers is readily achievable,

4

1   he alleges that "[a]mong the specific prohibitions against discrimination [in the ADA includes]:

2   ... A failure to remove architectural barriers and communication barriers that are structural in

3   nature, in existing facilities [is a violation of the ADA] where such removal is readily

4   achievable." Id. ¶ 16.  His complaint also specifically states that he seeks injunctive relief "to

5   remove all barriers to access which are readily achievable...." Id. ¶ 3.  Therefore, the injunction

6   would only require defendant to remove the architectural barriers if it is readily achievable to do

7   so.  Moreover, 28 C.F.R. § 36.304(b) specifically lists "[c]reating designated accessible parking

8   spaces" and "[w]idening doors" as examples of typical "steps to remove barriers."

9           Because plaintiff's allegations are taken as true on default, the court finds that

10  plaintiff has made out a prima facie Title III discrimination claim. Additionally, the court finds

11  that the majority of the Eitel factors weigh in favor of granting default judgment to plaintiff on

12  that claim.  Therefore, the court recommends that plaintiff be granted default judgment against

13  defendant on his ADA claim and award plaintiff an injunction requiring defendants to provide a

14  properly configured van accessible parking spot, accessible route, accessible restrooms,

15  accessible entrance, accessibility signage and striping in accordance with the Americans with

16  Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility

17  Guidelines (ADAAG) contained in 28 CFR Part 36.  See 42 U.S.C. § 12188(a)(2) (authorizing

18  injunctions under the ADA).

19  B.      Unruh Civil Rights Act

20          The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this

21  state are free and equal, and no matter what their sex, race, color, religion, ancestry, national

22  origin, disability, medical condition, marital status, or sexual orientation are entitled to the full

23  and equal accommodations, advantages, facilities, privileges, or services in all business

24  establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  To prevail on his disability

25  discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was

26  denied the full and equal accommodations, advantages, facilities, privileges, or services in a

business establishment; (2) his disability was a motivating factor for this denial; (3) defendants

denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services;

and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.

California Civil Jury Instructions (BAJI), No. 7.92 (Spring 2009).  Additionally, any violation of

the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ.Code §

51(f).

Here, because plaintiff's complaint properly sets out the necessary elements for

his ADA claim, plaintiff has also properly set out the necessary elements for his Unruh Civil

Rights Act claim.  Therefore, and because there are no policy considerations which preclude the

entry of default judgment on this claim, Eitel, 782 F.2d at 1471-72, the court will recommend

that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim be granted.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of

$4,000 per violation, and "any attorney's fees that may be determined by the court in addition

thereto."  Id. § 52(a).  Plaintiff seeks $8,000 in damages for violation of the Unruh Civil Rights

Act, based on two actual visits to defendants' property.  Compl. ¶ 3. The court will recommend

that plaintiff be awarded those statutory damages.  Plaintiff does not seek attorney fees or

litigation costs.

Based on the foregoing, IT IS HEREBY ORDERED that the July 28, 2011

hearing on plaintiff's motion for default judgment is vacated; and

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for default judgment as to defendants Sandhu and Singh on

plaintiff's ADA claim and Unruh Civil Rights Act claim be granted;

2.  Plaintiff be awarded statutory damages in the amount of $8,000.00;

3.  Plaintiff be granted an injunction requiring defendants to provide a properly

configured van accessible parking spot, accessible route, accessible restrooms, accessible

entrance, accessibility signage and striping in accordance with the Americans with

1   /////

2   Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility

3   Guidelines (ADAAG) contained in 28 CFR Part 36; and

4       4.  The Clerk of the Court be directed to close this case.

5       These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

7   days after being served with these findings and recommendations, any party may file written

8   objections with the court and serve a copy on all parties.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10   within the specified time may waive the right to appeal the District Court's order.  Turner v.

11   Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   DATED: July 8, 2011.

14   UNITED STATES MAGISTRATE JUDGE

16   /014;john2718.mdj